| | |
|---|---|
| Vincent P. Slusher, State Bar No. 00785480<br>vince.slusher@dlapiper.com<br>DLA PIPER LLP (US)<br>1717 Main Street, Suite 4600<br>Dallas, Texas 75201<br>Telephone: (214) 743-4572<br>Facsimile: (972) 813-6267<br><br>Thomas R. Califano, NY Bar No. 2286144<br>thomas.califano@dlapiper.com<br>George B. South, NY Bar No. 2446771<br>george.south@dlapiper.com<br>Jeremy R. Johnson, NY Bar No. 4307617<br>jeremy.johnson@dlapiper.com<br>DLA PIPER LLP (US)<br>1251 Avenue of the Americas<br>New York, New York 10020-1104<br>Telephone: (212) 335-4500<br>Facsimile: (212) 335-4501<br><br>Proposed Attorneys for Hingham Campus, LLC,<br>Debtor and Debtor in Possession | J. Mark Chevallier, State Bar No. 04189170<br>mchevallier@mcslaw.com<br>James G. Rea, State Bar No. 24051234<br>jrea@mcslaw.com<br>McGUIRE, CRADDOCK & STROTHER, P.C.<br>3550 Lincoln Plaza<br>500 N. Akard St.<br>Dallas, TX 75201<br>Telephone: (214) 954-6800<br>Facsimile: (214) 954-6850<br><br>Martin T. Fletcher, MD Bar No. 07608<br>mfletcher@wtplaw.com<br>Stephen F. Fruin, MD Bar No. 08456<br>sfruin@wtplaw.com<br>Thomas J. Francella, Jr., DE Bar No 3835<br>tfrancella@wtplaw.com<br>WHITEFORD, TAYLOR AND PRESTON, L.L.P.<br>Seven Saint Paul Street<br>Baltimore, MD 21202<br>Telephone: (410) 347-8700<br>Facsimile: (410) 752-7092<br><br>Proposed Attorneys for Linden Ponds, Inc.,<br>Debtor and Debtor in Possession |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 11-33912** |
| | § | |
| **HINGHAM CAMPUS, LLC,** | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | |
| | | |
| **In re:** | § | **Case No. 11-33913** |
| | § | |
| **LINDEN PONDS, INC.,** | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | |

**MOTION FOR ORDER DIRECTING JOINT**
**ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (the "Debtors"), by their proposed

attorneys, hereby move (the "Motion") this Court for entry of an order, pursuant to Rule 1015(b)

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015.1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Texas, requesting the entry of an order consolidating their separate chapter 11 cases for procedural purposes only, and providing for joint administration thereof. In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought herein is Bankruptcy Rule 1015(b).

**Background**

Chapter 11 Cases

3. On June 14, 2011 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors remain in possession of their assets and continue to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. No trustee, examiner or committee of creditors has been appointed in these cases.

6. The factual background regarding each of the Debtors, including their current and historical business operations and the events precipitating these chapter 11 filings, is set forth in detail in the Affidavit of Paul B. Rundell in Support of First Day Motions (the "Rundell Affidavit"), and is incorporated herein by reference. Capitalized terms not specifically defined in this Motion have the meanings set forth in the Rundell Affidavit.

**Relief Requested**

7. By this Motion, the Debtors seek an order consolidating, for procedural purposes only, the administration of the Debtors' chapter 11 cases.

8. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by a debtor and an affiliate, the court may order the joint administration of the estates of the debtor and such affiliates. <u>See</u> Fed. R. Bankr. P. 1015(b).

9. Debtor Hingham Campus, LLC ("<u>Hingham</u>") is a wholly-owned subsidiary of Senior Living Retirement Communities, LLC ("<u>Senior Living</u>"), formerly known as Erickson Retirement Communities, LLC ("<u>ERC</u>"). Currently pending in this Court are eighteen Chapter 11 cases involving Senior Living and numerous affiliates which cases are consolidated under Case No. 09-37010-SGJ-11. Those cases were filed on October 19, 2009 and on April 16, 2010 this Court entered an Order confirming the Senior Living's Fourth Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "<u>Senior Living Plan</u>").

10. Subsequently, two of Senior Living's other direct subsidiaries, Lincolnshire Campus, LLC and Naperville Campus, LLC, along with the not-for-profit operators of their respective Sedgebrook and Monarch Landing campuses, Sedgebrook, Inc. and Monarch Landing, Inc. (collectively, the "<u>Illinois Debtors</u>"), also sought chapter 11 protection by filing for bankruptcy in this Court (Main Case No. 10-34176) (the "<u>Illinois Cases</u>"). The Illinois Debtors' Third Amended Joint Plan Under Chapter 11 of the Bankruptcy Code was confirmed on November 16, 2010. The Illinois Cases are still pending before this Court.

11. Debtor Linden Ponds, Inc. ("<u>Linden Ponds</u>") is a not for profit corporation that leases, pursuant to a master lease, the land and improvements owned by Hingham. Linden Ponds operates a continuing care retirement community ("<u>CCRC</u>") on the campus owned by Hingham.

12. Pursuant to the Senior Living Plan, the ERC became Senior Living and all rights to the name ERC were transferred to Redwood-ERC Senior Living Holdings LLC. The Senior Living Plan further provided that the management of Linden Ponds (formerly managed by ERC) would continue to be managed by Senior Living, the successor by name change to ERC under the ERC Plan. Senior Living has subcontracted certain of its management duties to Erickson Senior Living, Inc., but remains the manager of Linden Ponds.

13. Although Hingham and Linden Ponds are unaffiliated entities, the two entities work in concert based on their contractual relationship as landowner and operator and the organizational structure of the CCRC they develop and manage. Hingham was established to purchase, construct and develop the land upon which the CCRC is situated, and to lease and eventually sell the land to Linden Ponds to enable Linden Ponds to operate and manage the CCRC. Indeed, the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code ("Plan") provides that, upon consummation of the Plan, all interests in Hingham will transfer to Linden Ponds or Hingham will transfer its the land and its improvements to Linden Ponds. In addition, Hingham's parent company, Senior Living, the successor by name change to ERC under the Senior Living Plan, is the manager of Linden Ponds.

14. Further, despite the fact that Hingham and Linden Ponds are unaffiliated companies, this Court has previously allowed the joint administration of a landowner's and its operator's bankruptcy cases. See In re Lincolnshire Campus, LLC, et al, No. 10-34176, Doc. No. 26 (Bankr. N.D. Tex. filed June 15, 2010).

15. Based upon the foregoing, each of the Debtors is related within the meaning of Bankruptcy Rule 1015(b) and accordingly, this Court may order the joint administration of the Debtors' estates.

EAST\43958000.4

16. The Debtors anticipate that notices, applications, motions, other pleadings, hearings and orders in these cases may affect more than one of the Debtors or each of the Debtors. If each of the Debtors' cases were administered independently, there would be a number of duplicative pleadings and overlapping service. This unnecessary duplication of identical documents would be wasteful of the Debtors' resources, as well as other parties' and this Court's resources.

17. Joint administration will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that all parties in interest will be able to review one docket to stay apprised of the various matters before the Court in each of the Debtors' cases.

18. A proposed consolidated caption for all notices, applications, motions and other pleadings is annexed hereto as Exhibit A.

19. The Debtors request that a docket entry reflecting the joint administration of the Debtors' cases be made in each of the Debtors' cases as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Hingham Campus, LLC and Linden Ponds, Inc. The docket in Case No. 11-33912-11 should be consulted for all matters affecting this case.

20. Finally, the Debtors request that all future entries for all cases be made under the lead case In re Hingham Campus, LLC, Case No. 11-33912.

## Notice

21. Notice of this Motion has been provided to (a) the Office of the United States Trustee for the Northern District of Texas; (b) the Debtors' 30 largest unsecured creditors on a consolidated basis; (c) counsel to Bond Trustee; and (d) counsel to the Bank. The Debtors

5

EAST\43958000.4

submit that, in light of the nature of the relief requested, no other or further notice is necessary or required.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form annexed hereto as <u>Exhibit B</u>, granting the relief requested herein and granting such other relief as may be deemed just and proper.

Dated: June 14, 2011
      Dallas, Texas

| **DLA PIPER LLP (US)** | **McGUIRE, CRADDOCK & STROTHER, P.C.** |
|---|---|
| By: <u>/s/ Vincent P. Slusher</u><br>Vincent P. Slusher, State Bar No. 00785480<br>vince.slusher@dlapiper.com<br>DLA PIPER LLP (US)<br>1717 Main Street, Suite 4600<br>Dallas, Texas 75201<br>Telephone: (214) 743-4572<br>Facsimile: (972) 813-6267<br><br>Thomas R. Califano, NY Bar No. 2286144<br>thomas.califano@dlapiper.com<br>George B. South, NY Bar No. 2446771<br>george.south@dlapiper.com<br>Jeremy R. Johnson, NY Bar No. 4307617<br>jeremy.johnson@dlapiper.com<br>DLA PIPER LLP (US)<br>1251 Avenue of the Americas<br>New York, New York 10020-1104<br>Telephone: (212) 335-4500<br>Facsimile: (212) 335-4501<br><br>Proposed Attorneys for Hingham Campus, LLC, Debtor and Debtor in Possession | By: <u>/s/ J. Mark Chevallier</u><br>J. Mark Chevallier, State Bar No. 04189170<br>mchevallier@mcslaw.com<br>James G. Rea, State Bar No. 24051234<br>jrea@mcslaw.com<br>McGUIRE, CRADDOCK & STROTHER, P.C.<br>3550 Lincoln Plaza<br>500 N. Akard St.<br>Dallas, TX 75201<br>Telephone: (214) 954-6800<br>Facsimile: (214) 954-6850<br><br>Martin T. Fletcher, MD Bar No. 07608<br>mfletcher@wtplaw.com<br>Stephen F. Fruin, MD Bar No. 08456<br>sfruin@wtplaw.com<br>Thomas J. Francella, Jr., DE Bar No 3835<br>tfrancella@wtplaw.com<br>WHITEFORD, TAYLOR & PRESTON, L.L.P.<br>Seven Saint Paul Street<br>Baltimore, MD 21202<br>Telephone: (410) 347-8700<br>Facsimile: (410) 752-7092<br><br>Proposed Attorneys for Linden Ponds, Inc., Debtor and Debtor in Possession |