

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_____

**United States Bankruptcy Judge**

**Signed August 22, 2011**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 11-33912 |
| | § | |
| **HINGHAM CAMPUS, LLC and** | § | **Chapter 11** |
| **LINDEN PONDS, INC.** | § | |
| | § | **(Jointly Administered)** |
| Debtors. | § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE
DEBTORS' DISCLOSURE STATEMENT AND (II) CONFIRMING THE DEBTORS'
FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER
CHAPTER 11 OF THE BANKRUPTCY CODE**

WHEREAS the above captioned debtors and debtors in possession (the "Debtors"), have

jointly proposed and filed with the United States Bankruptcy Court for the Northern District of

Texas, Dallas Division (the "Court") the Debtors' First Amended Joint Plan of Reorganization

Under Chapter 11 of the Bankruptcy Code, dated August 12, 2011 [Dkt. No. 185] (the "Plan"[1])

_____

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

and (i) the Disclosure Statement For Debtors' Joint Plan Under Chapter 11 of the Bankruptcy Code, dated June 14, 2011 (the "Disclosure Statement") [Dkt. No. 4], and (ii) appropriate ballots (the "Ballots") for voting on the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated June 14, 2011 (the "Initial Plan") [Dkt. No. 3], having been duly transmitted to Holders of Claims in compliance with the procedures (the "Solicitation Procedures") as set forth in the Declaration of Patrick J. Ryan on Behalf of Epiq Bankruptcy Solutions, LLC ("Epiq") Regarding Voting and Tabulation of Ballots Accepting and Rejecting Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, filed with the Court on August 16, 2011 ("Voting Certification") [Dkt. No. 191]; and

WHEREAS the Court entered the Order Granting Emergency Motion for Conditional Approval of Disclosure Statement and Authorization to Solicit Acceptances of the Plan (the "Combined Hearing Order") [Dkt. No. 89], which, among other things, scheduled the hearing to consider approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing"); and

WHEREAS due notice of the Combined Hearing has been given to Holders of Claims against the Debtors and other parties in interest in compliance with title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Combined Hearing Order, and the Solicitation Procedures, as established by the affidavits of service, mailing, and/or publication filed with the Court, including (1) the Certificate of Service of Solicitation Materials, dated July 13, 2011 [Dkt. No. 117] and (2) Affidavit of Publication of Notice of (I) Conditional Approval of Disclosure Statement; (II) Hearing to Consider Confirmation of the Plan; (III) Deadline for Filing Objections to Confirmation of the Plan; and (IV) Deadline for Voting on the Plan [Dkt. No. 176] (collectively, the "Hearing Notice Affidavits"); and

WHEREAS such notice is sufficient under the circumstances and no further notice is required; and

NOW, THEREFORE, based upon the Court's consideration of the entire record of these Chapter 11 Cases and the Combined Hearing, including (A) the Disclosure Statement, the Plan, and the Voting Certification, (B) the Debtors' memorandum of law in support of confirmation of the Plan, dated August 16, 2011 [Dkt. No. 194], (C) the Declaration of Paul Rundell in support of confirmation of the Plan, dated August 16, 2011 [Dkt. No. 193] (the "Plan Confirmation Declaration"), (D) the Hearing Notice Affidavits, (E) the evidence presented at the August 18, 2011 hearing on confirmation of the Plan and (F) any and all objections to approval of the Disclosure Statement and confirmation of the Plan having been withdrawn, resolved, or otherwise overruled as set forth herein; and upon the arguments of counsel and the evidence adduced at the Combined Hearing; and the Court having found that the Disclosure Statement should be approved and the Plan should be confirmed as reflected by the Court's rulings made herein and at the Combined Hearing; and after due deliberation and sufficient cause appearing therefor, the Court hereby **FINDS, DETERMINES, AND CONCLUDES** that:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A.     Findings and Conclusions.  The findings and conclusions set forth herein and in the record of the Combined Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.     Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)).  The Court has jurisdiction over the Debtors' Chapter 11 Cases pursuant to 28 U.S.C. § 1334.

Approval of the Disclosure Statement and confirmation of the Plan are core proceedings pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto. The Debtors are eligible debtors under section 109 of the Bankruptcy Code. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtors are plan proponents in accordance with section 1121(a) of the Bankruptcy Code.

C.  <u>Chapter 11 Petitions</u>.  On June 14, 2011 (the "<u>Petition Date</u>"), each Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>").  The Debtors were authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed pursuant to section 1104 of the Bankruptcy Code.

D.  <u>Judicial Notice</u>.  The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases.

E.  <u>Disclosure Statement</u>.  The Disclosure Statement contains adequate information within the meaning of Bankruptcy Code section 1125.

F.  <u>Combined Hearing Order Compliance</u>.  The Debtors have complied with the Combined Hearing Order in all respects.

G.  <u>Burden of Proof</u>.  The Debtors have the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.  Each Debtor has met such burden.

H.  <u>Voting</u>.  As evidenced by the Voting Certification, votes to accept or reject the Initial Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent

with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules") and applicable nonbankruptcy law.

I.     Solicitation. The Initial Plan, the Disclosure Statement, the Ballots, and notice of the Combined Hearing, were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and the Combined Hearing Order. The forms of the Ballots adequately addressed the particular needs of these Chapter 11 Cases and were appropriate for Holders of Claims in the following Classes (the "Voting Classes") who are impaired under the Initial Plan, may receive a distribution under the Initial Plan, and, therefore, had their votes solicited:  Series 2007 A Bond Claims (Class 2), Series 2007 B/C Bond Claims (Class 3) and Manager Claims (Class 7).

1.     The period during which the Debtors solicited acceptances to the Initial Plan was reasonable in the circumstances of these Chapter 11 Cases and enabled Holders to make an informed decision to accept or reject the Initial Plan.  The Debtors were not required to solicit votes from the Holders of Claims in the following Classes (the "Deemed Accepting Classes") as each such Class is unimpaired under the Initial Plan and the Plan and conclusively presumed to have accepted the Plan:  Other Priority Claims (Class 1), Other Secured Claims (Class 4), Linden Ponds General Unsecured Claims (Class 5) and Interests in Linden Ponds (Class 8).

2.     The Debtors also were not required to solicit votes from the Holders of Claims in the following Classes (the "Deemed Rejecting Classes") as such Classes receive no recovery under the Initial Plan or the Plan and are deemed to reject the Plan: Hingham General Unsecured Claims (Class 6) and Interests in Hingham (Class 9).

3.     As described in and as evidenced by the Voting Certification and the Hearing Notice Affidavits, the transmittal and service of the Initial Plan, the Disclosure Statement, the Ballots, the notice of the Combined Hearing, and the publication of such notice of the Combined Hearing (all of the foregoing, the "Solicitation") was timely, adequate, and sufficient under the circumstances.  The Solicitation of votes on the Initial Plan complied with the Solicitation Procedures, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and any other applicable rules, laws, and regulations.  In connection therewith, the Debtors, the Manager, the Bank, the 2007 Bond Trustee, the Consenting Holders and any and all

affiliates, members, managers, shareholders, partners, employees, attorneys and advisors of the foregoing are entitled to the protection of section 1125(e) of the Bankruptcy Code.

J.    <u>Good Faith</u>.  The Debtors have not engaged in any collusive or unfair conduct in connection with the Plan or Disclosure Statement.

K.    <u>Notice</u>.  As is evidenced by the Voting Certification and the Notice Affidavits, the transmittal and service of the Plan, the Disclosure Statement, and the Ballots were adequate and sufficient under the circumstances, and all parties required to be given notice of the Combined Hearing (including the deadline for filing and serving objections to confirmation of the Plan) have been given due, proper, timely, and adequate notice in accordance with the Combined Hearing Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable nonbankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto.  No other or further notice is required.

**Compliance with the Requirements of Section 1129 of the Bankruptcy Code**

L.    <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Plan is dated and identifies the Debtors as proponents, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

1.    <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>.  In addition to Administrative Expense Claims and Priority Tax Claims, which need not be classified, Section 3 of the Plan classifies nine Classes of Claims and Interests for the Debtors.  The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between Holders of Claims and Interests.  The Plan therefore satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

2.    <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.  Pursuant to Section 3 of the Plan, the following Classes are identified as unimpaired under the Plan within the meaning of section 1124 of the Bankruptcy Code, thereby satisfying section 1123(a)(2) of the Bankruptcy Code: Other Priority Claims (Class 1), Other Secured

Claims (Class 4), Linden Ponds General Unsecured Claims (Class 5) and Interests in Linden Ponds (Class 8).

3.      Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). Section 3 of the Plan designates the following Classes as impaired within the meaning of section 1124 of the Bankruptcy Code and specifies the treatment of the Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code: Series 2007 A Bond Claims (Class 2), Series 2007 B/C Bond Claims (Class 3), Manager Claims (Class 7), Hingham General Unsecured Claims (Class 6) and Interests in Hingham (Class 9).

4.      Same Treatment for Each Claim or Interest of Each Particular Class (11 U.S.C. § 1123(a)(4)). The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

5.      Implementation of the Plan (11 U.S.C. § 1123(a)(5)). The Plan provides adequate and proper means for the implementation of the Plan, thereby satisfying section 1123(a)(5) of the Bankruptcy Code, including the (i) authorization and issuance of all plan-related securities and documents, (ii) cancellation of existing securities and certain agreements of the Debtors, (iii) employment of officers and directors by the Reorganized Debtor(s), (iv) specification of the obligations of any successor to the Debtors under the Plan and (v) the engagement in other transactions in furtherance of the Plan.

6.      Non-Voting Equity Securities/Allocation of Voting Power (11 U.S.C. § 1123(a)(6)). The Plan does not provide for the issuance of nonvoting equity securities, therefore section 1123(a)(6) of the Bankruptcy Code is not applicable.

7.      Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)). Section 4 of the Plan contains provisions with respect to the manner of selection of the officers and directors by the Reorganized Debtor(s) that are consistent with the interests of creditors and equity security holders and public policy in accordance with section 1123(a)(7).

8.      Impairment/Unimpairment of Classes of Claims and Interests (11 U.S.C. § 1123(b)(1)). As permitted by section 1123(b)(1) of the Bankruptcy Code, Section 3 of the Plan designates all impaired and unimpaired Classes, as modified by this Order.

9.      Assumption and Rejection (11 U.S.C. § 1123(b)(2)). Section 5 of the Plan governs the assumption and rejection of executory contracts and unexpired leases and meets the requirements of section 365(b) of the Bankruptcy Code.

10.     Additional Plan Provisions (11 U.S.C. § 1123(b)(6)). Each of the provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code.

11.     Cure of Defaults (11 U.S.C. § 1123(d)). Section 5 of the Plan provides for the satisfaction of default claims associated with each executory contract and unexpired

lease to be assumed pursuant to the Plan in accordance with section 365(b)(1) of the Bankruptcy Code. All cure amounts will be determined in accordance with the underlying agreements and applicable bankruptcy and nonbankruptcy laws. If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor(s) to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed or (iii) any other matter pertaining to assumption, Cure shall occur following the entry of a Final Order of the Bankruptcy Court resolving the dispute and approving the assumption. Thus, the Plan complies with section 1123(d) of the Bankruptcy Code.

M.    The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).

The Debtors have complied with the applicable provisions of the Bankruptcy Code. Specifically:

1.    Each of the Debtors is an eligible debtor under section 109 of the Bankruptcy Code;

2.    The Debtors have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court; and

3.    The Debtors have complied with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126(b), the Bankruptcy Rules, the Local Rules, applicable nonbankruptcy law, the Combined Hearing Order, and all other applicable law, in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating the votes on the Plan.

N.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).    The Plan (including all documents necessary to effectuate the Plan) has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. Such good faith is evident from the facts and record of the Chapter 11 Cases, the Disclosure Statement, the Plan Confirmation Declaration, and the record of the Combined Hearing and other proceedings held in the Chapter 11 Cases. The Plan, which was developed after many months of analysis and negotiations involving numerous parties, was proposed with the legitimate and honest purpose of effectuating a successful reorganization of the Debtors. The Plan (including all documents necessary to effectuate the Plan) was developed and negotiated in good faith and at arms'-length among representatives of the Debtors, the Bank, the 2007 Bond Trustee, the Consenting Holders and the Manager. Further, the Plan's classification, indemnification,

exculpation, release, and injunction provisions have been negotiated in good faith and at arms'-length, are consistent with sections 105, 1122, 1123(b)(6), 1123(b)(3)(A), 1129, and 1142 of the Bankruptcy Code and applicable case law in the Fifth Circuit, and are each necessary for the Debtors' successful reorganization.

O. <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtors for services or for costs and expenses of the Debtors' professionals in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

P. <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>. The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code. The identity and affiliations of the individuals who will be employed as officers and directors of Reorganized Linden Ponds after confirmation of the Plan have been fully disclosed and the appointment of such individuals is consistent with the interests of Holders of Claims against and Interests in the Debtors and with public policy. To the extent that the assets of Hingham are not transferred to Reorganized Linden Ponds and all of the interests in Reorganized Hingham become owned by Reorganized Linden Ponds pursuant to section 4.7 of the Plan, Reorganized Hingham will be formed as a limited liability company with Reorganized Linden Ponds as its sole member. Thus, Reorganized Hingham, if formed, will have no directors.

Q. <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. After confirmation of the Plan, the Debtors' business will not involve rates established or approved by, or otherwise subject to, any governmental regulatory commission. Thus, section 1129(a)(6) of the Bankruptcy Code is satisfied.

R.  Best Interest of Creditors (11 U.S.C. § 1129(a)(7)). The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The Plan Confirmation Declaration, the liquidation analysis provided in the Disclosure Statement, and the other evidence proffered or adduced at the Combined Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence, and (iii) establish that each Holder of an impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

S.  Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). The Deemed Rejecting Classes are impaired by the Plan and are not entitled to receive or retain any property under the Plan and, therefore, are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. The Holder of the Class 3 Claims, *i.e.,* the Bank, voted to reject the Initial Plan. Thereafter, the Bank changed its vote to an acceptance of the Plan, as reflected in the Notice of Sovereign Bank's Change of Vote Regarding Debtors' Joint Plan of Reorganization (the "Sovereign Notice") [Dkt. No. 199]. Pursuant to Bankruptcy Rule 3018(a), cause has been shown to allow the Bank's change of its vote to an acceptance of the Plan. As found and determined in paragraph BB below, pursuant to section 1129(b)(1) of the Bankruptcy Code, the Plan may be confirmed notwithstanding the fact that the Deemed Rejecting Classes are impaired and are deemed to have rejected the Plan. The remaining Classes accepted the Plan or are Deemed Accepting Classes.

T.  Treatment of Administrative Expense Claims and Priority Tax Claims and Other Priority Claims (11 U.S.C. § 1129(a)(9)). The treatment of Allowed Administrative Expense Claims under Section 2.1 of the Plan satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code. The treatment of Other Priority Claims pursuant to Section 3.2.1 of the Plan

satisfies the requirements of section 1129(a)(9)(B) of the Bankruptcy Code. The treatment of Priority Tax Claims pursuant to Section 2.3 of the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

U. <u>Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10))</u>. Holders of Claims in all three of the Voting Classes (Classes 2, 3 and 7) voted to accept the Plan, determined without including any acceptance of the Plan by any insider, thereby satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

V. <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Plan Confirmation Declaration and the other evidence proffered or adduced at the Combined Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence, and (iii) establish that the Plan is feasible and is not likely to be followed by a liquidation or further financial reorganization of the Debtors, thereby satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

W. <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. The Plan provides that on the Effective Date, and thereafter as may be required, the Debtors shall pay all fees payable pursuant to section 1930 of title 28 of the United States Code, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

X. <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)</u>. The Debtors do not maintain retirement plans or other benefits obligations. Accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable to the Plan.

Y. <u>No Domestic Support Obligations (11 U.S.C. § 1129(a)(14))</u>. The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

Z.    <u>Debtors Are Not Individuals (11 U.S.C. § 1129(a)(15))</u>.  The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

AA.    <u>No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16))</u>.  All transfers of property of the Plan with respect to Linden Ponds were made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a monied, business, or commercial corporation or trust.  Hingham is a moneyed, business, or commercial corporation, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable to its Chapter 11 Case.

BB.    <u>Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))</u>.  Holders of Claims in the Deemed Rejecting Classes are deemed to have rejected the Plan. Based upon the evidence proffered, adduced, and presented by the Debtors in the Plan Confirmation Declaration and at the Combined Hearing, the Plan does not discriminate unfairly and is fair and equitable with respect to the aforementioned Classes, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code.  Thus, the Plan may be confirmed notwithstanding the rejection of the Plan by the Deemed Rejecting Classes.

CC.    <u>Only One Plan (11 U.S.C. § 1129(c))</u>.  The Plan is the only plan filed in these cases (having replaced the Initial Plan), and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in the Chapter 11 Cases.

DD.    <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act, and no governmental entity has objected to the confirmation of the Plan on any such grounds.  Therefore, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

EE.    Modifications to the Plan.  The modifications to the Plan pursuant to all Plan Supplements filed by the Debtors through the date hereof constitute changes that do not materially and adversely change the treatment of any other Claims or Interests.  Although the modifications made to the Debtors' Initial Plan that are reflected in the Plan and certain Plan Supplements materially change the treatment to Classes 2 and 3, such modifications are an improvement to, and do not adversely change, such treatment.    Accordingly, pursuant to Bankruptcy Rule 3019(a), these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code, nor do they require additional solicitation of the Plan.

FF.    Good Faith Solicitation (11 U.S.C. § 1125(e)).  Based on the record before the Court, the Plan Confirmation Declaration and the record of the Chapter 11 Cases, (i) the Debtors and their member or members, (ii) the Manager in any capacity, (iii) each Consenting Holder in any capacity, (iv) the Issuer, (v) the 2007 Bond Trustee in any capacity, (vi) the 2011 Bond Trustee in any capacity, (vii) the DIP Lender, (viii) the Bank in any capacity, and (ix) the Bank Participants, and their respective agents, successors, predecessors, control persons, members, officers, directors, employees and agents and their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons, to the extent applicable, (i) have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code and (ii) shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the offer and issuance of any securities under the Plan, and therefore are not, and on account of such offer,

issuance and solicitation will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or the offer and issuance of the securities under the Plan, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and, to the extent such parties are listed therein, the release, exculpation and related Plan provisions set forth in Sections 8.2, 8.3, 8.4 and 8.6 of the Plan.

GG.    Implementation.  All documents necessary to implement the Plan, including the 2011 Bond Documents, those contained in the Plan Supplements, and all other relevant and necessary documents have been developed and negotiated in good faith and at arms'-length and shall, upon completion of documentation and execution, and subject to the occurrence of the Effective Date, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

HH.    Releases.  The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the releases, exculpation and related Plan terms set forth in Sections 8.2, 8.3, 8.4 and 8.6 and elsewhere in the Plan and Confirmation Order.  Section 105(a) of the Bankruptcy Code permits approval of the releases, exculpation and related Plan terms set forth in Sections 8.2, 8.3, 8.4 and 8.6 and elsewhere in the Plan and Confirmation Order, because, as has been established here based upon the record in the Chapter 11 Cases and the evidence presented in the Plan Confirmation Declaration and at the Combined Hearing, such provisions (i) were integral to the agreement among the various parties in interest and are essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtors' Estates, (iii) are fair, equitable, and reasonable, and (iv) are in the best interests of the Debtors, their Estates, and parties in interest.

II.     Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the releases, exculpation and related Plan terms set forth in the Plan and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtors, and their Estates, creditors, and equity holders.  The releases and exculpation of non-Debtors under the Plan are fair to Holders of Claims and are necessary to the proposed reorganization, thereby satisfying the requirements of In re Wool Growers Cent. Storage Co., 371 B.R. 768, 777 (Bankr. N.D. Tex. 2007); see also In re Continental Airlines, Inc., 203 F.3d 203, 214 (3d Cir. 2000).  Such releases, exculpation and related Plan terms are given in exchange for and are supported by fair, sufficient, and adequate consideration provided by each and all of the parties providing such releases.  The Plan Confirmation Declaration and the record of the Combined Hearing and these Chapter 11 Cases are sufficient to support the releases, exculpation and related Plan terms provided for in Sections 8.2, 8.3, 8.4 and 8.6 of the Plan.  Accordingly, based upon the record of the Chapter 11 Cases, the representations of the parties, and/or the evidence proffered, adduced, and/or presented in the Plan Confirmation Declaration and at the Combined Hearing, this Court finds that the releases, exculpation and related Plan terms set forth in Sections 8.2, 8.3, 8.4 and 8.6 of the Plan are consistent with the Bankruptcy Code and applicable law.  The failure to implement the release provisions of the Plan would seriously impair the Debtors' ability to confirm the Plan.

JJ.     Based on the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

**ORDER**

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      <u>Findings of Fact and Conclusions of Law</u>.  The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

2.      <u>Notice of the Combined Hearing</u>.  Notice of the Combined Hearing complied with the terms of the Combined Hearing Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3.      <u>Disclosure Statement</u>.  The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the Disclosure Statement not otherwise consensually resolved are overruled.

4.      <u>Plan Modifications</u>.  The following technical modifications shall be made to the Plan:

(a)      The language in Section 3.2.2 of the Plan that states: "Each holder of an outstanding Series 2007 A Bond will receive in Cash accrued and unpaid interest on such Series 2007 A Bond as of the Effective Date," is hereby amended and replaced in its entirety with the following: "Each holder of an outstanding Series 2007 A Bond will receive in Cash accrued and unpaid interest on such Series 2007 A Bond as of the Bond Issuance Date."

(b)      The language in Section 3.2.3 of the Plan that states: "Each holder of an outstanding Original Series 2007 B Bond or Series 2007 C Bond will receive in Cash accrued and unpaid interest to the Effective Date on such Original Series 2007 B Bond or Series 2007 C Bond," is hereby amended and replaced in its entirety with the following: "Each holder of an outstanding Original Series 2007 B Bond or Series 2007 C Bond will receive in Cash accrued and unpaid interest as of the Bond Issuance Date on such Original Series 2007 B Bond or Series 2007 C Bond."

5.      <u>Amendments to Plan</u>.  The modifications and amendments to the Plan through the date hereof, including modifications made pursuant to this Order, meet the requirements of sections 1127(a) and (c) of the Bankruptcy Code, such modifications do not materially and

adversely affect the treatment of the Claim of any creditor or Interest holder within the meaning of Bankruptcy Rule 3019(a), and no further solicitation or voting is required.

6.    <u>Solicitation</u>.  The solicitation of votes on the Plan complied with the Solicitation Procedures, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable nonbankruptcy law.

7.    <u>Ballots</u>.    The forms of Ballots annexed to the Voting Certification are in compliance with Bankruptcy Rule 3018(c), as modified, conform to Official Form Number 14, and are approved in all respects.

8.    <u>Vote Change by the Bank</u>.  The withdrawal by the Bank of its vote against the Initial Plan and the submission of the Bank's vote to accept the Plan, as reflected in the Sovereign Notice, is authorized and approved pursuant to Bankruptcy Rule 3018(a).

9.    <u>Solicitation/Offer of New Securities</u>.  The Plan contemplates that the Issuer will issue and exchange the 2011 Bonds for the 2007 Bonds.  Such solicitation and exchange by the Issuer are exempt from the registration requirements of the Securities Act of 1933 (as now in effect or hereafter amended) pursuant to Section 3(a)(2) thereof and are exempt from qualification under the  state securities or "blue sky" laws of every state.  Section 3(a)(2) exempts from registration under the Securities Act "any security issued . . . by any State of the United States . . . or by any public instrumentality of one or more States or territories. . ."    15 U.S.C. § 77(c).  The Issuer is a public instrumentality of the Commonwealth of Massachussets.

10.    <u>Confirmation of the Plan</u>.  The Plan and each of its provisions shall be, and hereby are, approved and confirmed under section 1129 of the Bankruptcy Code.  The documents contained in the Plan Supplements are authorized and approved.  The terms of the

Plan, including the Plan Supplements, are incorporated by reference into, and are an integral part of this Confirmation Order.

11. <u>Objections Resolved or Overruled</u>. Except as provided herein, all objections, responses, statements and comments, if any, in opposition to the Plan, other than those withdrawn with prejudice, waived, or settled prior to, or on the record at, the Combined Hearing, shall be, and hereby are, overruled in their entirety.

12. <u>General Authorizations</u>. The Plan was approved by the Board of Directors of Linden Ponds and the sole member of Hingham. Pursuant to the appropriate provisions of the corporate or business organizations law of the applicable state of organization of each Debtor, and section 1142(b) of the Bankruptcy Code, no additional action of the respective directors, members or stockholders of the Debtors shall be required to authorize the Debtors to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan and any contract, instrument, or other document to be executed, delivered, adopted or amended in connection with the implementation of the Plan.

13. <u>Treatment of Certain Funds</u>. (a) The Bank is authorized and directed, upon the Effective Date, to apply the sum of approximately $238,099.58 (notice of the exact amount applied to be provided by the Bank to the Debtors as soon as practicable after such application) now held by the Bank in Account No. 7581026183 in the name of Hingham as a dollar-for-dollar credit against the Debtors' obligation under Section 3.2.3 of the Plan to pay Cash to the Bank on account of any Allowed L/C Draw Claims, with any remainder in such account, if any, to be applied to future interest and letter of credit fees owed by Reorganized Linden Ponds in respect the 2011 Notes and 2011 Bonds to be issued to the Bank under the Plan. (b) Pursuant to the Order Authorizing Debtors to Escrow Initial Entrance Deposits (the "<u>IED Order</u>") [Dkt. No. 73], entry of this Order constitutes a "Trigger Event" (as defined in the IED Order). Accordingly, the

Escrow Agent (as defined in the IED Order) shall, upon the joint direction of Linden Ponds, the 2007 Bond Trustee and the Bank, disburse the escrowed IEDs to Linden Ponds to be used as contemplated under the Plan and/or the 2011 Bond Documents and as agreed among the Debtors, the 2007 Bond Trustee and the Bank.

14.    <u>New Management Agreement</u>.  Entry into the New Management Agreement by Reorganized Linden Ponds is in the best interest of the Debtors and their Estates and is approved.

15.    <u>Binding Effect</u>.  On the date of and following entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind the Debtors, the Reorganized Debtor(s), the 2007 Bond Trustee, the 2011 Bond Trustee, the Bank, the Bank Participants, the Consenting Holders, the Manager, all Holders of Claims and Interests of the Debtors (irrespective of whether such Claims or Interests are impaired under the Plan or whether the Holders of such Claims or Interests have accepted the Plan), any and all non-Debtor parties to executory contracts and unexpired leases with any of the Debtors, any other party in interest in the Chapter 11 Cases, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

16.    <u>Vesting of Assets</u>.  Except as otherwise provided in the Plan or any agreement, instrument or other document incorporated therein, on the Effective Date, or as soon as practicable thereafter, all property of the Estate of Linden Ponds and all Causes of Action of Linden Ponds (except those released pursuant to the Releases by the Debtors) shall vest in Reorganized Linden Ponds, free and clear of all Liens, Claims, charges or other encumbrances (except for Liens securing the 2011 Bonds or the 2011 Notes) and, at the discretion of the Debtors and in accordance with Section 4.7 of the Plan either (i) all property of the Estate of Hingham and all Causes of Action of Hingham (except those released pursuant to the Releases by the Debtors) will vest in Reorganized Linden Ponds, free and clear of all Liens, Claims,

charges or other encumbrances (except for Liens securing the 2011 Bonds, the 2011 Notes or the Exit Facility) or (ii) all Interests in Reorganized Hingham will be transferred to Reorganized Linden Ponds. On and after the Effective Date, except as otherwise provided in the Plan, the Reorganized Debtor(s) may operate its business or their businesses, as the case may be, and may use, acquire or dispose of property and compromise or settle any Claims or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

17. <u>Implementation of the Plan</u>. The Debtors or Reorganized Debtor(s), as applicable, shall be authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements, including the 2011 Bond Documents and those contained in the Plan Supplements, and take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Plan, including all such actions delineated in Section 4 of the Plan. On the Effective Date or as soon as reasonably practicable thereafter, at the sole election of the Debtors either (i) all of the material assets of Hingham will be transferred to Reorganized Linden Ponds, including without limitation the Facility and the Facility Site, the agreements between Hingham and Linden Ponds will be terminated, Hingham will cease operations, all Interests in Hingham be extinguished and Hingham be dissolved or (ii) in accordance with Section 4.14 of the Plan all of the assets of Hingham will vest in Reorganized Hingham and all of the Interests in Reorganized Hingham will be distributed to Reorganized Linden Ponds in accordance with Section 3.2.9 of the Plan. On or prior to the Effective Date, the Debtors shall pay the unpaid reasonable fees and expenses of the Issuer due under the 2011 Bond Documents in Cash. As of Effective Date, the Reorganized Debtor(s) are authorized and empowered to issue, execute, file, and deliver or record such

documents, contracts, instruments, releases and other agreements, including those contained in the Plan Supplements or contemplated by the Plan, including the 2011 Bond Documents.

18.    <u>Cancellation of Existing Securities and Agreements</u>.  Except (i) for purposes of evidencing a right to distributions under the Plan, (ii) with respect to executory contracts or unexpired leases that have been assumed by the Debtors, or (iii) as otherwise provided under the Plan, on the Effective Date, all the agreements and other documents evidencing the Claims or rights of any Holder of a Claim against the Debtors, all lending and security agreements and encumbrances evidencing such Claims shall be cancelled with respect to the Debtors, including, but not limited to, the Master Lease and 2007 Bonds, but shall continue to govern the rights and obligations by and among third parties.

19.    <u>Issuance of 2011 Bonds and 2011 Notes and Execution of 2011 Bond Documents</u>. On the Bond Issuance Date: (a) the Issuer will issue, in accordance with the terms of this Plan and pursuant to the 2011 Bond Indenture, 2011 Bonds in the aggregate principal amount of $142,821,445; (b) Linden Ponds will issue, to the Bank or to the Bank and Bank Participants in amounts as directed by the Bank, in accordance with the terms of this Plan and pursuant to the 2011 Loan Agreement, 2011 Notes in the aggregate principal amount of:  (i) $2,030,512, plus (ii) the then-Allowed amount of Other Senior Debt Claims, to the extent such claims are to receive 2011 Notes pursuant to Section 3 of the Plan; and (c) the Debtors will pay the accrued and unpaid interest and other payments contemplated by Sections 3.2.2 and 3.2.3 of the Plan.  To the extent there exist, as of the Effective Date, Other Senior Debt Claims that if Allowed, would receive 2011 Notes under the Plan but such Claims are not Allowed Claims as of the Effective Date then, to the extent any such claims become Allowed Claims, Linden Ponds will issue one set of additional 2011 Notes, as more particularly described in Section 3 of the Plan, in the aggregate principal amount of the Allowed amount of such Allowed Other Senior Debt Claims,

as soon as is practicable after such Other Senior Debt Claims have been Allowed.  In connection with the foregoing matters described in Section 4.3 of the Plan, on the Bond Issuance Date, the Issuer and the 2011 Bond Trustee will enter into the 2011 Bond Indenture and Reorganized Linden Ponds, the Issuer, the 2011 Bond Trustee and the Bank, as applicable, will enter into the 2011 Loan Agreement, the 2011 Mortgage and the other 2011 Bond Documents.  The 2007 Bond Trustee shall transfer all funds and accounts created and/or maintained under or pursuant to the 2007 Bond Indenture in accordance with the 2011 Bond Documents.

20.    _Cancellation of Instruments_.  Except as otherwise provided in the Plan or this Confirmation Order, subject to the receipt of the consideration provided for in Sections 3.2.2 and 3.2.3 of the Plan, the 2007 Bonds will be cancelled on the Bond Issuance Date; _provided_ _that_ any provision of the Plan providing for the cancellation of the 2007 Bonds on the Effective Date is expressly modified by this paragraph.

21.    _Subordination_.  Except as otherwise expressly provided in the Plan, this Confirmation Order, or a separate order of this Court, the classification and manner of satisfying all Claims and Interests under the Plan takes into consideration all subordination rights, whether arising by contract or under general principles of equitable subordination, section 510 of the Bankruptcy Code, or otherwise.

22.    _Compromise of Controversies_.  In consideration for the distributions and other benefits, including releases, provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all Claims and controversies resolved under the Plan. Consideration for all such compromises, settlements and releases is adequate and the entry of this Confirmation Order constitutes approval of such compromise and settlement under Bankruptcy Rule 9019, subject to the provisions of the Plan.

23.     <u>Assumption or Rejection of Executory Contracts and Unexpired Leases</u>.  Pursuant to Section 5.1 of the Plan, except as otherwise provided in the Plan, or in any contract, instrument, release, indenture or other agreement or document entered into in connection with the Plan, each of the Executory Contracts and Unexpired Leases of Linden Ponds and Hingham shall be deemed assumed as of the Effective Date, unless such Executory Contract or Unexpired Lease:  (1) was assumed or rejected previously by the applicable Debtor; (2) expired or terminated pursuant to its own terms before the Effective Date; (3) is the subject of a motion to reject filed on or before the Effective Date; or (4) is identified as an Executory Contract or Unexpired Lease to be rejected pursuant to the Plan Supplements before the Effective Date.

24.     <u>Conditions to Effective Date</u>.  The Plan shall not become effective unless and until the conditions set forth in Section 9.2 of the Plan and in this Confirmation Order have been satisfied or waived pursuant to Section 9.3 of the Plan.  In the event that one or more of the conditions specified in Section 9.2 of the Plan have not been satisfied or waived in accordance with Section 9.3 of the Plan, (i) the Confirmation Order shall be vacated, (ii) no distributions under the Plan shall be made, (iii) the Debtors and all Holders of Claims and Interests shall be restored to the <u>status quo ante</u> as of the day immediately preceding the Plan Confirmation Date as though the Plan Confirmation Date never occurred, and (iv) all of the Debtors' obligations with respect to Claims and Interests shall remain unchanged and nothing contained in the Plan or in the Confirmation Order shall constitute or be deemed a waiver or release of any Claims or Interests by or against the Debtors or any other person or to prejudice in any manner the rights of the Debtors or any person in any further proceedings involving the Debtors or otherwise. Notwithstanding anything contained in the Plan, the Plan Supplements or this Confirmation Order, Section 9.2(d) of the Plan includes the condition to the occurrence of the Effective Date that the Issuer, the Debtors and all other parties have taken all actions and obtained all approvals

necessary in order to issue the 2011 Bonds pursuant to the Plan and the 2011 Bond Documents, subject only to the occurrence of the Effective Date. Further, notwithstanding anything contained in the Plan, the Plan Supplements or this Confirmation Order, the issuance of the 2011 Bonds shall occur substantially contemporaneously with the Effective Date.

26. <u>Professional Compensation</u>. Except as provided in the Plan, Professionals or other Persons asserting a Claim for Accrued Professional Compensation for services rendered before the Effective Date must file and serve on the Debtors, the Reorganized Debtor(s) and such other Persons who are designated by the Bankruptcy Rules, the Confirmation Order or other order of the Bankruptcy Court an application for final allowance of such Claim for Accrued Professional Compensation no later than 60 days after the Effective Date. Objections to any Claim for Accrued Professional Compensation must be filed and served on the Reorganized Debtor(s), the Office of the U.S. Trustee and the requesting party no later than 90 days after the Effective Date.

26. <u>Post-Effective Date Professionals</u>. Upon the Effective Date, any requirement that Professionals comply with sections 327 through 331 and 1103 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and the Reorganized Debtor(s) may employ and pay any professional for services rendered or expenses incurred after the Effective Date in the ordinary course of business without any further notice to any party or action, order or approval of the Bankruptcy Court.

27. <u>Releases by Holders of Claims</u>. As of the Effective Date and except as set forth in the Plan, the Plan Supplements or this Confirmation Order, each holder of a Claim or Interest shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged (i) the Debtors and their member or members, (ii) the Reorganized Debtor(s) and their member or members, (iii) the Manager in any capacity, (iv) each Consenting

Holder in any capacity, (v) the Issuer, (vi) the 2007 Bond Trustee in any capacity, (vii) the 2011

Bond Trustee in any capacity, (viii) the DIP Lender, (ix) the Bank in any capacity, (x) the Bank

Participants and (xi) the current and former officers, directors, members, managers, employees,

attorneys and advisors, each in their respective capacities as such, of each of the foregoing (the

"Released Parties") from any and all Claims, Interests, obligations, rights, suits, damages, Causes

of Action, remedies and liabilities whatsoever, including any derivative Claims assertable on

behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter

arising, in law, equity or otherwise, that such Person would have been legally entitled to assert

(whether individually or collectively), based on or relating to, or in any manner arising from, in

whole or in part, the Debtors, the 2007 Bonds, the Debtors' restructuring, the Debtors' Chapter

11 Cases, the purchase, sale or rescission of the purchase or sale of any security of the Debtors,

the Reorganized Debtor(s) or the Issuer, the subject matter of, or the transactions or events

giving rise to, any Claim that is treated in the Plan, the business or contractual arrangements

between any Debtor and any Released Party, the restructuring of Claims and Interests before or

during the Chapter 11 Cases, the negotiation, formulation or preparation of the Plan, the

Disclosure Statement, any Plan Supplement or related agreements, instruments or other

documents (collectively, "Released Claims"), other than Released Claims against a Debtor, the

Reorganized Debtor(s), or a Released Party arising out of or relating to any act or omission of

that party constituting willful misconduct or gross negligence; provided, however that the Plan

shall not release the Debtors, the Reorganized Debtor(s) and the Released Parties from any

Cause of Action held by a governmental entity existing as of the Effective Date based on (i) the

Internal Revenue Code or other domestic state, city, or municipal tax code, (ii) the environmental

laws of the United States or any domestic state, city, or municipality, (iii) any criminal laws of

the United States or any domestic state, city, or municipality, (iv) the Securities and Exchange

Act of 1934 (as now in effect or hereafter amended), the Securities Act of 1933 (as now in effect or hereafter amended), or other securities laws of the United States or any domestic state, city or municipality, (v) the Employee Retirement Income Security Act of 1974, as amended, or (vi) the laws and regulations of the Bureau of Customs and Border Protection of the United States Department of Homeland Security.   Nothing contained in the Plan or this Confirmation Order, including, without limitation, the release, exculpation and injunction provisions of Sections 8.3, 8.4 and 8.6 of the Plan, shall release or otherwise affect, any Participation Claims.

28.    <u>Releases by the Debtors</u>.  Pursuant to section 1123(b) of the Bankruptcy Code and except as otherwise specifically provided in the Plan, the Plan Supplements or this Confirmation Order, for good and valuable consideration, including the service of the Released Parties to facilitate the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan, on and after the Effective Date, the Released Parties are deemed released and discharged by the Debtors, the Reorganized Debtor(s) and the Estates from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity or otherwise, that the Debtors, the Reorganized Debtor(s), the Estates or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the 2007 Bonds, the Debtors' Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the Reorganized Debtor(s) or the Issuer, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and

Interests before or during the Debtors' Chapter 11 Cases, the negotiation, formulation or preparation of the Plan, the Disclosure Statement, any Plan Supplement or related agreements, instruments or other documents (collectively, the "Debtor Released Claims"), other than Debtor Released Claims against a Released Party arising out of or relating to any act or omission of that party constituting willful misconduct or gross negligence.

29.     Exculpation.   Except as otherwise specifically provided in the Plan, the Plan Supplements or this Confirmation Order, none of (i) the Debtors and their member or members, (ii) the Reorganized Debtor(s) and their member or members, (iii) the Manager in any capacity, (iv) each Consenting Holder in any capacity, (v) the Issuer, (vi) the 2007 Bond Trustee in any capacity, (vii) the 2011 Bond Trustee in any capacity, (viii) the DIP Lender, (ix) the Bank in any capacity, (x) the Bank Participants and (xi) the current and former officers, directors, members, managers, employees, attorneys and advisors, each in their respective capacities as such, of each of the foregoing (the "Exculpated Parties") shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Exculpated Claim, obligation, cause of action or liability for any Exculpated Claim, except for gross negligence or willful misconduct (to the extent such duty is imposed by applicable non-bankruptcy law), but in all respects such Persons shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Debtors and the Reorganized Debtor(s) (and each of their respective affiliates, agents, directors, members, officers, employees, advisors and attorneys) have, and upon Confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code and applicable non-bankruptcy law with regard to the solicitation and distribution of securities pursuant to the Plan, and, therefore, are not, and on account of such distributions shall not be, liable at any time

for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

30. <u>Binding Release Provision</u>. All release provisions embodied in the Plan, including but not limited to those contained in Section 8 of the Plan, are approved and shall be effective and binding on all persons and entities, to the extent provided therein.

31. <u>Term of Injunctions or Stays</u>. Pursuant to Section 8.7 of the Plan, unless otherwise provided in the Plan or in the Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order) shall remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.

32. <u>Payment of Statutory Fees</u>. All fees payable pursuant to section 1930 of title 28 of the United States Code shall be paid on the Effective Date and thereafter as may be required.

33. <u>Reversal/Stay/Modification/Vacatur of Confirmation Order</u>. Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtors or the Reorganized Debtor(s), as applicable, pursuant to the Plan and the Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur. Notwithstanding any such reversal, stay, modification, or vacatur of the Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, the Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed

in all respects by the provisions of the Confirmation Order and the Plan or any amendments or modifications thereto. The Debtors or the Reorganized Debtor(s), as applicable, at any time may request that the Bankruptcy Court estimate any Contingent Claim or Disputed Claim pursuant to section 502(c) of the Bankruptcy Code, regardless of whether an objection was previously filed with the Bankruptcy Court with respect to such Claim, or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to such objection. Notwithstanding the foregoing, all Allowed Claims under the Plan shall be deemed Allowed and not subject to further challenge.

34.    Retention of Jurisdiction.  Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, pursuant to Section 11 of the Plan and sections 105 and 1142 of the Bankruptcy Code, this Court shall retain exclusive jurisdiction over all matters arising in, arising under, and related to the Chapter 11 Cases to the fullest extent as is legally permissible.

35.    Exemption from Certain Taxes.  Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property in contemplation of, in connection with, or pursuant to the Plan, including the transfer of the Facility and the Facility Site from Hingham to Reorganized Linden Ponds or the transfer of the Interests in Reorganized Hingham to Reorganized Linden Ponds (as applicable), shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and this Confirmation Order directs the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

Such exemption specifically applies, without limitation, to (1) the creation of any mortgage, deed of trust, lien or other security interest; (2) the making or assignment of any lease or sublease; (3) any restructuring transaction authorized by of the Plan; or (4) the making or delivery of any deed or other instrument of transfer under, in furtherance of or in connection with the Plan, including: (a) any merger agreements; (b) agreements of consolidation, restructuring, disposition, liquidation or dissolution; (c) deeds; or (d) assignments executed in connection with any transaction occurring under the Plan.

36. <u>Modifications</u>. Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code, Bankruptcy Rule 3019, the Lockup Agreement (as defined in the Disclosure Statement) and those restrictions on modifications set forth in the Plan, the Debtors expressly reserve their rights to alter, amend or modify materially the Plan with respect to any or all Debtors, one or more times, after confirmation, and, to the extent necessary, may initiate proceedings in the Bankruptcy Court to so alter, amend or modify the Plan or remedy any defect or omission, or reconcile any inconsistencies in the Plan, the Disclosure Statement or the Confirmation Order, in such matters as may be necessary to carry out the purposes and intent of the Plan. Any such modification or supplement shall be considered a modification of the Plan and shall be made in accordance with the Plan.

37. <u>Provisions of Plan and Confirmation Order Nonseverable and Mutually Dependent</u>. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

38. <u>Governing Law</u>. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and the Bankruptcy Rules) or unless otherwise specifically stated, the laws of the Commonwealth of Massachusetts, without giving effect to the principles of conflicts of laws, shall govern the rights, obligations, construction, and implementation of the

Plan and the restructuring transactions consummated or to be consummated in connection therewith.

39. <u>Applicable Nonbankruptcy Law</u>. Pursuant to section 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

40. <u>Documents and Instruments</u>. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Confirmation Order.

41. <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan and the Disclosure Statement.

42. <u>Notice of Confirmation Order and Occurrence of Effective Date</u>. In accordance with Bankruptcy Rules 2002 and 3020(c), within 10 days after the Effective Date, the Debtors shall serve notice of the entry of this Confirmation Order and the occurrence of the Effective Date, substantially in the form annexed hereto as <u>Exhibit A</u>, to all parties who hold a Claim or Interest in these cases, including the United States Trustee. Such notice is hereby approved in all respects and shall be deemed good and sufficient notice of entry of this Confirmation Order and the occurrence of the Effective Date.

43.    <u>Substantial Consummation</u>.   On the Effective Date and upon completion of the distributions contemplated under the Plan thereon, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

44.    <u>Waiver of Stay</u>.  The stay of this Confirmation Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 6004(h), and 6006(d)), whether for fourteen (14) days or otherwise, is hereby waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

45.    <u>Inconsistency</u>.   To the extent of any inconsistency between this Confirmation Order and the Plan, this Confirmation Order shall govern.

46.    <u>No Waiver</u>.   The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by this reference.

##### End of Order #####

## EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | **Case No. 11-33912** |
| | § | |
| **HINGHAM CAMPUS, LLC and** | § | **Chapter 11** |
| **LINDEN PONDS, INC.** | § | |
| | § | **(Jointly Administered)** |
| Debtors. | § | |

**NOTICE OF (I) ENTRY OF ORDER CONFIRMING THE DEBTORS' FIRST
AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE
BANKRUPTCY CODE AND (II) EFFECTIVE DATE**

**PLEASE TAKE NOTICE THAT:**

An order (the "Plan Confirmation Order") of the Honorable Stacey G.C. Jernigan, United States Bankruptcy Judge, approving the Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated August 12, 2011 [Dkt. No. 185] (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan")[2] was entered on August __, 2011 [Dkt. No. ___].

**PLEASE TAKE FURTHER NOTICE THAT:**

The Plan Confirmation Order is available for inspection at the office of the Clerk of the Bankruptcy Court for the Northern District of Texas, Dallas Division, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at www.txnb.uscourts.gov. Please note that a PACER password and login are required to access documents on the Bankruptcy Court's website. Copies of the Plan Confirmation Order can also be viewed online, free of charge, at http://dm.epiq11.com/LPI/.

---

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan and Plan Confirmation Order.

**PLEASE TAKE FURTHER NOTICE THAT:**

The Effective Date of the Plan is expected to occur on or about September 8, 2011.

**PLEASE TAKE FURTHER NOTICE THAT:**

The Plan and its provisions are binding on the Debtors, the Reorganized Debtor(s), the 2007 Bond Trustee, the 2011 Bond Trustee, the Bank, the Bank Participants, the Consenting Holders, the Manager, all Holders of Claims and Interests of the Debtors (irrespective of whether such Claims or Interests are impaired under the Plan or whether the Holders of such Claims or Interests have accepted the Plan), any and all non-Debtor parties to executory contracts and unexpired leases with any of the Debtors, any other party in interest in the Chapter 11 Cases, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

Dated: August __, 2011

| | |
|---|---|
| **DLA PIPER LLP (US)** | **McGUIRE, CRADDOCK & STROTHER, P.C.** |

By: _____        By: _____

Vincent P. Slusher, State Bar No.        J. Mark Chevallier, State Bar No. 04189170
00785480        mchevallier@mcslaw.com
vince.slusher@dlapiper.com        James G. Rea, State Bar No. 24051234
1717 Main Street, Suite 4600        jrea@mcslaw.com
Dallas, Texas 75201        McGUIRE, CRADDOCK & STROTHER, P.C.
Telephone:  (214) 743-4572        3550 Lincoln Plaza
Facsimile:  (972) 813-6267        500 N. Akard St.
        Dallas, TX 75201
Thomas R. Califano, NY Bar No. 2286144        Telephone:  (214) 954-6800
thomas.califano@dlapiper.com        Facsimile:  (214) 954-6850
George B. South, NY Bar No. 2446771
george.south@dlapiper.com        Martin T. Fletcher, MD Bar No. 07608
1251 Avenue of the Americas        mfletcher@wtplaw.com
New York, New York  10020-1104        Stephen F. Fruin, MD Bar No. 08456
Telephone:  (212) 335-4500        sfruin@wtplaw.com
Facsimile:  (212) 335-4501        Thomas J. Francella, Jr., DE Bar No 3835
        tfrancella@wtplaw.com
        WHITEFORD, TAYLOR & PRESTON, L.L.P.
        Seven Saint Paul Street
        Baltimore, MD 21202
        Telephone:  (410) 347-8700
        Facsimile:  (410) 752-7092

Attorneys for Hingham Campus, LLC,        Attorneys for Linden Ponds, Inc.,
Debtor and Debtor in Possession        Debtor and Debtor in Possession